AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of      DELAWARE

UNITED STATES OF AMERICA

V.

JOHN E. MANNING,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-151-SLR

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  ☒ clear and convincing evidence  ☐ a preponderance of the evidence  that

    Based on the affidavit of probable cause, the report of the Probation Office, and other information provided to the Court during several hearings concerning the issue of Defendant's release or detention, the Court finds clear and convincing evidence that no combination of conditions could reasonably assure the safety of the community between now and the time of the Defendant's trial.

    This case is in an unusual procedural posture because at an earlier time the Court entered an Order releasing Defendant to the custody of his daughter, third-party custodian Amy Manning. Defendant has fared well under the stringent release conditions the Court imposed. However, the third-party custodian is no longer willing to serve in that capacity. Therefore, as the Court explained during the January 22, 2008 hearing, in light of the elimination of an essential component of the release conditions, the Court now finds there are no combination of conditions it could impose that would reasonably assure the safety of the community upon Defendant's release.

    With consideration to the statutory factors the Court must consider, in addition to the statements made during the November 19, 2007 detention hearing, the Court has reached these conclusions based on the following findings and for the following reasons:

<u>the nature and circumstances of the offense:</u> Defendant is charged with possession of hundreds of images of child pornography on multiple computers. This is a crime of violence and one that involves minor victims. He is facing a potentially lengthy prison sentence, perhaps 5-7 years.

<u>the weight of the evidence:</u> is very strong. The images were found on computers in Defendant's residence. Defendant admitted the computers were his and he was the last to use them. Other evidence on the computers (such as emails) further link the computers to Defendant.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: Defendant served the City of Wilmington for more than 35 years, including as a police officer. He has long-term ties to the community. He has support of family and friends. On the other hand, he has a conviction for domestic violence, a history of chronic depression (which included an overnight commitment at one point), has in the past failed to fully and effectively participate in his own necessary treatement, and is a recovering alcoholic.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: child pornography is plainly dangerous to the community, as, at minimum, its possession contributes to a market for materials that victimize children.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_January 23, 2008_
Date

_/s/ Leonard P. Stark_
Signature of Judge

Leonard P. Stark U.S. Magistrate
Name and Title of Judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).